**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

KETANKUMAR CHAUDHARI,

      Plaintiff,

      v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

      Defendant.

CIVIL ACTION NO.: 4:25-cv-162

**O R D E R**

On February 24, 2026, Defendant filed a Motion to Dismiss for Lack of Jurisdiction (hereinafter, the "Motion"). (Doc. 12.) When almost two months passed without Plaintiff, who is proceeding *pro se*, having filed a response to the Motion, the Court entered an Order, on April 17, 2026, directing Plaintiff to file a response, either opposing or indicating his lack of opposition to the Motion, within 28 days. (Doc. 13.) The Court clearly warned Plaintiff that if he failed to file a timely response, the Court would presume that he does not oppose the Motion and would potentially dismiss individual claims or the entire action. (Id. at p. 1.) The Court's deadline expired over three weeks ago, yet Plaintiff has completely failed to respond to the Court's directive, much less the Motion, and he has taken no other action in this case.

A party's failure to comply with court orders and failure to prosecute are not trivial oversights. A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962); Coleman v. St. Lucie Cty.

Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. S.D. Ga. Local R. 41.1(b) ("[T]he assigned Judge may, after notice . . . , *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court . . . .").  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Here, Plaintiff's failure to respond to Defendant's Motion and failure to comply with the Court's Order directing him to file a response demonstrate a clear record of neglect which strongly suggests that he no longer wishes to participate in this lawsuit.  Despite the Court warning him that it would dismiss his case if he did not respond, he has not taken any action in this case since filing a proof of service more than eight months ago.  Therefore, the Court **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 12th day of June, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2